IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RICKEY RANDELL REX SMITH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 1:16cv531-WKW |
| | ) [WO] |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.  INTRODUCTION

Before the court is the 28 U.S.C. § 2255 motion filed on June 23, 2016, by federal inmate Rickey Randell Rex Smith ("Smith").  Doc. No. 1.  Smith contends that the U.S. Supreme Court's holding in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015),[1] invalidates the life sentence imposed by this court in 2010 upon Smith's conviction for production of child pornography in violation of 18 U.S.C. § 2251(a).[2]  *See United States v. Smith*, Case No. 1:07cr183-WKW.  For the reasons that follow, Smith's motion is due to be dismissed as a successive § 2255 motion.

---

[1] In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague because it "denie[d] fair notice to defendants and invite[d] arbitrary enforcement by judges." 135 S.Ct. at 2557.  The portion of the ACCA that the Court found unconstitutionally vague defined "violent felony" to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another."  *Id*. at 2555–56 (emphasis omitted) (quoting 18 U.S.C. § 924(e)(2)(B)(ii)).

[2] Smith was sentenced under the provisions of 18 U.S.C. § 3559(e), which mandated that he be sentenced to life in prison as a repeat sex offender against children.  *See* 18 U.S.C. § 3559(e).

## II.  DISCUSSION

This is the third § 2255 motion filed by Smith attacking the judgment of conviction and sentence in Case No. 1:07cr183-WKW. Smith filed his first § 2255 motion in November 2012. *See Smith v. United States*, Civil Action No. 1:12cv1006-WKW (Doc. No. 1). On March 19, 2015, this court denied Smith's § 2255 motion and dismissed his action with prejudice on grounds that the motion was time-barred under the one-year limitation period in 28 U.S.C. § 2255(f). *Id.* (Doc. Nos. 31, 36, and 37 (Recommendation of Magistrate Judge; Order Adopting Recommendation; and Final Judgment)).

Smith filed a second § 2255 motion in June 2015. *See Smith v. United States*, Civil Action No. 1:15cv521-WKW (Doc. No. 2). This court summarily dismissed that § 2255 motion as a successive motion filed without the required appellate court authorization. *Id.* (Doc. Nos. 3, 4, and 5).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h).

"The bar on second or successive [§ 2255] motions is jurisdictional." *In re Morgan*, 717 F.3d 1186, 1193 (11th Cir. 2013). A federal district court lacks jurisdiction to consider a successive § 2255 motion where the movant fails to obtain the requisite permission from the appellate court to file a successive motion. *Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003). For purposes of the AEDPA's successive-motion rules, the dismissal of an initial § 2255 motion as untimely counts and renders a subsequent § 2255 motion "successive." *See, e.g., Villanueva v. United States*, 346 F.3d 55, 59–61 (2d Cir. 2003) ("We … hold that a first § 2255 petition that has properly been dismissed as time-barred under AEDPA has been adjudicated on the merits, such that authorization from this court is required before filing a second or successive § 2255 petition."); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) ("We hold today that a prior untimely petition does count [for purposes of 28 U.S.C. § 2244(b)] because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims.").

On October 17, 2016, the government asserted that Smith had "failed to obtain the necessary certification from the Eleventh Circuit" to file a successive § 2255 motion. Doc. No. 11 at 17. On October 18, 2016, this court entered an order directing Smith to show cause why his § 2255 motion "should not be dismissed as successive and filed without Eleventh Circuit authorization." Doc. No. 12 at 1. Smith did not respond to the court's order.

Smith has not provided the required certification from the Eleventh Circuit, and there is no indication in the record that Smith has obtained the required certification

authorizing this court to consider his successive § 2255 motion. Thus, this court lacks jurisdiction to consider Smith's successive § 2255 motion, and the motion is due to be dismissed for lack of jurisdiction. *See, e.g., Farris*, 333 F.3d at 1216; *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the magistrate judge that the § 2255 motion be dismissed for lack of jurisdiction, as Smith has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before February 5, 2018.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, on this the 22nd day of January, 2018.

                                              /s/ Susan Russ Walker
                                              Susan Russ Walker
                                              United States Magistrate Judge